UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JELAHNI BRIDGEFORTH, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:17-cv-00241-WTL-DLP |
| JEFFREY KRUEGER, | ) ) ) | |
| Respondent. | ) ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petitioner Jelahni Bridgeforth seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His petition for writ of habeas corpus is **denied**.

## I. Background

Bridgeforth is an inmate currently housed at the United States Penitentiary, in Terre Haute, Indiana. Bridgeforth was indicted in the Western District of Tennessee on one count of possession with intent to distribute oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Counts 2 and 3).

In July, 2012, in exchange for concessions made by the government, Bridgeforth entered a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the terms of the agreement, Bridgeforth agreed to plead guilty to one charge of being a felon in possession of a firearm and agreed that if he is determined to be an armed career criminal under 18 U.S.C. § 924(e), the appropriate sentence would be 180 months' imprisonment. However, if Bridgeforth was determined not to be an armed career criminal, then the parties were free to argue for any sentence within the statutory maximum as set forth in 18 U.S.C. § 924(a)(2).

Bridgeforth's presentence report identified predicate offenses in support of his designation as an armed career criminal. On October 10, 2012, Bridgeforth was found to be an armed career criminal and was sentenced to 180 months' imprisonment, the minimum mandated under the Armed Career Criminal Act (ACCA), § 924(e).

Bridgeforth did not appeal his conviction or sentence, or challenge them in a post-conviction motion pursuant to 28 U.S.C. § 2255.

On May 24, 2017, following the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Bridgeforth filed a petition under 28 U.S.C. § 2241 in this Court. He contends that under *Mathis* none of his Tennessee felony convictions are valid for purposes of the ACCA. The United States responded and Bridgeforth has replied.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Bridgeforth may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. This is known as the "savings clause of § 2255 and it . . . will permit a federal prisoner to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017) (internal quotations omitted); *see also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (*quoting In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Bridgeforth's claims do not fall under the Savings Clause because Bridgeforth does not rely on a new law that could not have been raised in a motion pursuant to 28 U.S.C. § 2255.

In response, Bridgeforth states that *Mathis* was decided on June 23, 2016, which was about three years after he could have filed his first § 2255 motion. But this argument does not correctly state the law. Bridgeforth has not filed any motion pursuant to § 2255. The one year limitation period for filing a § 2255 motion challenging *Mathis* would have run from "the date on which the

3

right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Thus, Bridgeforth had one year from the *Mathis* decision, that is until June 23, 2017, to file a § 2255 motion. He failed to do so. Therefore, a § 2255 motion raising a *Mathis* claim would now be time-barred. *See* § 2255(f). This failure does not render § 2255 ineffective or inadequate to test the legality of his sentence. Bridgeforth simply never tested the legality of his sentence under *Mathis*. *Holt v. United States*, 843 F.3d 720, 721–22 (7th Cir. 2016) ("Section 2255(a) allows a district court to reduce a sentence that exceeds the statutory maximum, and substantive decisions such as *Mathis* presumptively apply retroactively on collateral review.").

Bridgeforth also points out that the Seventh Circuit has stated that, "[a]n independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). But that statement was made in the context of whether *Mathis* could serve as a basis for authorizing an application to file a successive § 2255 motion. *Dawkins* is better understood as holding that "arguments that rest on *Mathis* do not justify second or successive collateral attacks." *Holt*, 843 F.3d at 722.

Bridgeforth has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is denied.

### III. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied. The dismissal of this action is with prejudice. *Prevatte*, 865 F.3d at 901 ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

4

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/25/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JELAHNI BRIDGEFORTH
25051-076
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov